# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

### Airman RICHARD M. CHERUBINI, JR.
### United States Air Force

### ACM 38292

### 13 March 2014

Sentence adjudged 1 February 2013 by GCM convened at Joint Base Lewis-McChord, Washington. Military Judge: Martin T. Mitchell (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 36 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Lieutenant Colonel Jane E. Boomer.

Appellate Counsel for the United States: Colonel Don M. Christensen; Major Jason M. Kellhofer; and Gerald R. Bruce, Esquire.

Before

HELGET, WEBER, and PELOQUIN
Appellate Military Judges

This opinion is subject to editorial correction before final release.

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, consistent with his pleas, of three specifications of violating a lawful general regulation; four specifications of wrongfully using controlled substances; five specifications of wrongfully introducing controlled substances onto a military installation; two specifications of wrongful manufacture of a controlled substance; and two specifications of wrongfully soliciting Airmen to violate a lawful general regulation, in violation of Articles 92, 112a, and 134, UCMJ, 10 U.S.C. §§ 892, 912a, 934.[1] The specifications involving violation of a lawful general regulation and solicitation to violate a lawful

---

[1] The appellant's guilty pleas contained several exceptions and substitutions.

general regulation were also drug-related, as they concerned violations or solicitations to violate Air Force Instruction 44-121, *Alcohol and Drug Abuse Prevention and Treatment (ADAPT) Program*, ¶ 3.2.3 (11 April 2011), through possession and solicited use of intoxicating substances. The military judge sentenced the appellant to a dishonorable discharge, confinement for 39 months, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved only 36 months of confinement, in accordance with a pretrial agreement, but approved the remainder of the sentence as adjudged.

On appeal, the appellant asks this Court to affirm only a bad-conduct discharge and confinement for 2 years, asserting that his approved sentence is inappropriately severe. He also alleges the military judge erred by not sua sponte merging two specifications of violating a lawful general regulation and four specifications of drug introduction as an unreasonable multiplication of charges.[2] We find the sentence is appropriate and the military judge committed no error in not merging the specifications at issue. We affirm the approved findings and sentence.

## Background

The appellant engaged in significant drug activity in the enlisted dormitories, predominantly in April and May 2012. He brought a known drug dealer onto the Joint Base Lewis-McChord, and into the dormitories, knowing the drug dealer had various illegal substances and intended, in some instances, to distribute the substances; he wrongfully possessed various synthetic hallucinogens; he manufactured controlled substances by repackaging them into different forms; he wrongfully used several types of contraband substances; and he solicited two other Airmen to use a synthetic hallucinogen. The appellant provided a urine sample after one night on which much of the charged activity occurred. Analysis of this sample confirmed the presence of amphetamine and norketamine in his system. Around the time he committed his crimes, the appellant told several Airmen that some of the substances he used could not be detected by the Air Force's urinalysis program. He also told a fellow Airman that if he were ever caught for drug use, he would try to use "mental illness" as a defense. Several months later, while court-martial charges were pending against him, the appellant told his dormitory suitemate he wanted "to try some shrooms." A subsequent search of his dormitory room revealed two plastic bags of psilocybin mushrooms he had brought onto the installation.

## Sentence Severity

The appellant asserts the number of specifications unnecessarily exaggerate his criminality, as many of the charged actions took place on one night. He also avers he had a history of mental health issues that impacted his decision to get involved with illegal drug activity, and he pled guilty to the charges and specifications (with some exceptions

---

[2] This issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

and substitutions), revealing a positive rehabilitative potential. He also cites four previous courts-martial involving drug activity in which we upheld sentences less severe than the appellant's adjudged and approved sentence. Therefore, he argues that under sentence appropriateness and sentence comparison principles, this Court should find his sentence inappropriately severe.

This Court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006). *See also United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988); *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

In exercising sentence appropriateness review, "[t]he Courts of Criminal Appeals are required to engage in sentence comparison only 'in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'" *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)). The appellant bears the burden of demonstrating that any cited cases are "closely related" to his case and the sentences are "highly disparate." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). Closely related cases include those which pertain to "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *Id.* If the appellant meets his burden to demonstrate closely related cases involve highly disparate sentences, the Government "must show that there is a rational basis for the disparity." *Id.*

Applying these standards to the present case, we do not find the appellant's sentence inappropriately severe. We have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all other matters contained in the record of trial. The appellant engaged in significant illegal drug activity, including its use, introduction onto a military installation, and manufacture. He also solicited two Airmen to violate a lawful general regulation by using substances to alter their mood or function. His criminal activity even continued as court-martial charges were pending against him. The appellant had also recently received two nonjudicial punishment actions shortly before most of the charged activity, further demonstrating his lack of rehabilitative potential. These nonjudicial punishment actions

came after the appellant had received a letter of counseling, a letter of admonishment, and three letters of reprimand for various infractions. The appellant has also failed to demonstrate that the cited cases are closely related to his own. We therefore find nothing inappropriate about the appellant's sentence.

*Merging Specifications for Sentencing*

The appellant also argues that the military judge should have merged several specifications for sentencing purposes, as they constituted an unreasonable multiplication of charges as applied to sentence. As part of the appellant's pretrial agreement, he expressly agreed to "waive all waivable motions." Such a provision in a pretrial agreement waives claims of multiplicity and unreasonable multiplication of charges, and extinguishes an appellant's right to raise those issues on appeal. *United States v. Gladue*, 67 M.J. 311, 314 (C.A.A.F. 2009). Therefore, the appellant has waived this issue and he may not raise it on appeal.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVE LUCAS
Clerk of the Court